LEVIN EPSTEIN & ASSOCIATES, P.C.
Joshua Levin Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, NY 10119
Tel: (212) 792-0046
*Attorneys for the Plaintiff and proposed FLSA*
*Collective Action Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

JASON STRULOWITZ,
*on behalf of himself and others similarly situated in*
*the proposed FLSA Collective Action,*

|  |  |
|---|---|
| Plaintiff, | **29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION** |
| - against - | **Jury Trial Demanded** |
| FLAVOR BOUTIQUE 796 INC. d/b/a HOLEY CREAM, and FLAVOR BOUTIQUE 522 INC. d/b/a HOLEY CREAM, | **COMPLAINT** |
| Defendants. | |

----------------------------------------------------------------X

Plaintiff Jason Strulowitz ("Plaintiff" or "Strulowitz"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, bring this complaint against Defendant Flavor Boutique 796 Inc. d/b/a Holey Cream, located at 791 9th Ave, New York, New York 10019 ("HC 9th Avenue"), and Defendant Flavor Boutique 522 Inc. d/b/a Holey Cream, located at 522 3rd Ave New York, New York 10016 ("HC 3rd Avenue", together with HC 9th Avenue, the "Corporate Defendants" or "Defendants") and states as follows:

**NATURE OF THE ACTION**

1.    Plaintiff bring this lawsuit seeking recovery, for himself and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.     Plaintiff alleges pursuant to the FLSA and the NYLL, that he (and similarly situated individuals) is entitled to recover from the Defendants: (1) unpaid wage/minimum wage compensation, (2) unpaid overtime wage compensation, (3) the full portion of tips illegally retained by Defendants, (4) liquidated damages, (5) spread of hours pay, (6) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay on each pay day, pursuant to the New York State Wage Theft Prevention Act ("WTPA"), (7) up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists the employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, pursuant to the WTPA, (8) prejudgment and post-judgment interest; and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF STRULOWITZ

6.    Plaintiff Strulowitz is a resident of New York, New York.

7.    Plaintiff Strulowitz was employed as an ice scream scooper, assisting with servicing customers, taking orders and processing credit cards at the register, at the HC 9th Avenue from July 9, 2018 through and including July 20, 2018.

8.    Plaintiff Strulowitz was employed as a non-managerial employee at the HC 9th Avenue between July 9, 2018 and July 20, 2018.

9.    Plaintiff Strulowitz was employed as a non-managerial employee at the HC 3rd Avenue between July 18, 2018 and July 20, 2018.

10.    At the location for HC 3rd Avenue, Plaintiff Strulowitz assisted with prepping the store for its grand opening, including physically delivering products from HC 9th Avenue to HC 3rd Avenue.

11.    At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT HC 9TH AVENUE

12.    Defendant HC 9th Avenue is a domestic corporation authorized to conduct business within the State of New York and holds its office and its principal place of business is located at 791 9th Avenue, New York, New York 10019.

13.    At all times relevant to this Complaint, Defendant HC 9th Avenue (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14.    At all times relevant to this Complaint, Defendant HC 9th Avenue was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15.    At all times relevant to this Complaint, Defendant HC 9th Avenue was and is an employer within the meaning of the NYLL Section 190(3), and employed employees, including Plaintiff.

## DEFENDANT HC 3RD AVENUE

16.    Defendant HC 3rd Avenue is a domestic corporation authorized to conduct business within the State of New York and holds its office and its principal place of business is located at 522 3rd Ave, New York, New York 10019.

17.    At all times relevant to this Complaint, Defendant HC 3rd Avenue has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18.    At all times relevant to this Complaint, Defendant HC 3rd Avenue was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19.    At all times relevant to this Complaint, Defendant HC 3rd Avenue was and is an employer within the meaning of the NYLL § 190(3), and employed employees, including Plaintiff.

**DEFENDANTS' STATUS AS JOINT EMPLOYERS**

20.    At all times relevant to this Complaint, the Corporate Defendants were joint employers, and these Defendants jointly employed Plaintiff.

21.    The Corporate Defendants constitute an enterprise as the term is defined by 29 USC § 203(r) insofar as they share staff, including Plaintiff, advertise the Corporate Defendants as an enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same principals.

22.    At all times relevant to this Complaint, the Corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

23.    At all times relevant to this Complaint, the Defendant HC 3rd Avenue exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

24.    At all times relevant to this Complaint, the Defendant HC 9th Avenue exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff(s), the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities

25.    At all times relevant to this Complaint, the Corporate Defendants exercised common control over supervision of Plaintiff.

26.    At all times relevant to this Complaint, the work performed by Plaintiff was

directly essential to the business operated by the Corporate Defendants.

## FACTUAL ALLEGATIONS

27.   Plaintiff and other similarly situated individuals are individuals who have worked for the Defendants in similarly-titled, hourly paid position, during the statutory period.

28.   Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

29.   At HC 9th Avenue, Plaintiff Strulowitz worked during the period of July 9, 2018 through and including July 20, 2018, working Monday through Sunday, for a total period of 57 hours and 70 hours during each of the weeks, respectively.

30.   For example, Plaintiff Strulowitz on the over-night of July 18, 2018 through July 19, 2018, worked consecutively, at HC 3rd Avenue and HC 9th Avenue for a total amount of 36 hours.

31.   At the HC 3rd Avenue, from the period of July 18, 2018 through and including July 20, 2018, Plaintiff Strulowitz worked to set up the new store and ready it for its grand opening.

32.   Plaintiff Strulowitz was not paid anything at all by the Defendants for the work performed during the period of July 9, 2018 through and including July 20, 2018.

33.   In addition to scheduled work hours, Plaintiff (as well as other similarly situated employees) regularly worked before their scheduled shift began and after their scheduled shifts ended.

34.   Plaintiff Strulowitz, as well as other similarly situated employees, were not compensated for hours worked before their shift began or after their shift ended.

35.   At all relevant times, Defendants did not pay Plainitff Strulowitz at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

36.    At all relevant times, Defendants did not compensate Plaintiff Strulowitz for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten hours.

37.    At all relevant times, Defendants failed to create and maintain accurate time records as required by both the FLSA and the NYLL.

38.    Plaintiff Strulowitz, as well as other similarly situated employees, were not compensated for the tips that customers left for employees at the register of the HC 9th Avenue.

39.    During the course of Plaintiff's employment, the individual owner of Corporate Defendants repeatedly verbally abused Plaintiff to the point where the Plaintiff was forced to quit.

40.    For example, on July 19, 2018, the owner of Corporate Defendants, at the HC 9th Avenue location, lost his temper, flipped a tray of doughnuts, screamed at Plaintiff Strulowitz (as well as other employees), all in front of customers.

41.    Upon information and belief, including information readily available on the internet, the owner of Corporate Defendants has verbally abused other employees.

42.    Upon information and belief, including the investigation of Plaintiff's counsel, the Defendants' violations of the FLSA and NYLL have been logged on various internet websites that appear to have been documented by former and current employees of the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff brings the First, Second, Third, Fourth, and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to cashiers, counterpersons, and ice cream scoopers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

44.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, and one and a half times this rate for work in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

45.    The First, Second, Third, Fourth, and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

46.    Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 et seq.)

47.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48.    Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

49.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

50.    Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and

FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 et seq.)

51.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52.    At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

53.    Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

54.    Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

55.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

56.    Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 et seq.)

57.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

58.    Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

59.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

60.    Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

61.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62.    Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

63.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

64.    Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

65.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

66.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

67.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten hours.

69.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 at seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

70.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

71.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

73.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

74.    Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

75.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

77.    As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.  authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.  certification of this case as a collective action pursuant to the FLSA;

c.  issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.  declaring that Defendants have violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.  declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.  declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.  declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.  awarding Plaintiff unpaid minimum wages;

i.  awarding Plaintiff unpaid overtime wages;

j.  awarding Plaintiff unpaid spread-of-hours pay;

k.  awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l.  awarding unpaid wages under the NYLL and the New York State contract law;

m.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n.  awarding Plaintiff pre- and post-judgment interest under the NYLL;

o.  awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

p.  Such other relief as this Court deems just and proper.


Dated: New York, New York
        September 14, 2018                                Respectfully submitted,



                                        By:  /s/ Joshua Levin-Epstein
                                        Joshua Levin-Epstein
                                        Levin-Epstein & Associates, P.C.
                                        One Penn Plaza, Suite 2527
                                        New York, New York 10119
                                        Tel: (212) 792-0046
                                        Email: Joshua@levinepstein.com
                                        *Attorneys for the Plaintiff and proposed FLSA*
                                        *Collection Action Plaintiffs*