# EXHIBIT E

**From:** Alon Harnoy <Alonh@Shiboleth.com>
**Date:** July 27, 2018 at 2:53:05 PM EDT
**To:** "Michael Friedlander (michael@holeycream.com)" <michael@holeycream.com>
**Cc:** "jstrulowitz@gmail.com" <jstrulowitz@gmail.com>
**Subject: Re: Let's try resolve this**

Hi Michael

We would appreciate the courtesy of a reply. If we don't hear from you the letter to NYS Dept of Labor will be sent next week.

Thanks
Alon


On Jul 25, 2018, at 4:18 PM, Alon Harnoy <Alonh@Shiboleth.com> wrote:

> **Confidential: For Settlement Purposes.**
>
> Dear Michael,
>
> Jason and I wanted to reach out to you to see if we can amicably come to a resolution with respect to various matters that occurred over the past few weeks. Ultimately we would like to leave things between us in a pleasant manner given that we know each other through the shul.
>
> We have tried to unpack all that has transpired in the past few weeks, and this is how we see things:
>
> 1. For several reasons Jason did not see a future working in this business. While Jason had intended to work at Holey Cream until September, his experience caused him to change his mind and he communicated that to Michael as soon as he made his decision. Once that decision has been made, Jason concluded that it really did not make sense for him to continue working at Holey Cream. We understand that Michael had some expectation of Jason working one more week and this was an unfortunate consequence. I note in any event that Michael communicated to me on Sunday July 22 that he was only interested in Jason working at Holey Cream for one more week following as of July 22 – so the maximum amount of disruption to Michael was one week of work.
>
> 2. With the absence of a manager, the Chocolateworks opportunity on Lexington becomes currently unviable, and I think we all agree to walk away from it.

3. Jason worked at the Holey Cream location for two week during the period of July 9 –July 20, 2018. Jason has a log of all the hours that he was there. The total amount of hours worked in the first week was 57 hours and the total amount of hours worked in the second weeks was 70 hours (we also have a breakdown of hours by date if relevant). During this time Jason was working very hard in the day to day operation of the 9th Ave and 53 rd st. Holey Cream store, including servicing customers, taking orders and processing credit cards, doing deliveries, setting up and opening the store, conducting inventory, interviewing current and potentially new employees, as well as helping to launch the 3rd Ave and 35th st Holey Cream location.  While we did discuss Jason learning the ice cream business, Michael had clearly told Jason and myself on several occassions, that Michael would pay Jason a salary for his work at Holey Cream, including when we had a conference call at my house to discuss on Monday July 2.  We have legally recorded conversations and other evidence where Michael confirms this obligation to pay to Jason for the time he worked at Holey Cream, and we had agreed payment based on a $75K/year salary.   There is no question that Jason worked for 2 weeks at Holey Cream, and, whether there was a resignation or even a termination for cause (which there was not), the law is clear that individuals must be paid by the establishment for the work performed.

4. As a concession to Michael and in interests of an amicable solution, we are willing to propose now (and conditioned upon a prompt settlement) that Michael pays for one week of Jason's salary in the amount of $1400, and Alon will pay Jason for the other week.  We think this is a very fair and reasonable solution and hope that you find it in your heart to do the right thing.

5. If we cannot reach an amicable solution with respect to paying Jason for the time he worked for Holey Cream, then we are prepared to send a letter to the New York State Department of Labor noting that Jason worked at Holey Cream for two weeks and never was paid for his time despite having clear evidence of an obligation to pay from Michael.   My firm has sent letters like this in the past to the New York State Department of Labor, so we know the law and it is easy to produce and submit such a letter. Ultimately the result of such a letter would be Holey Cream having to pay Jason salary, plus overtime (any hours over 40 hours), plus damages, plus legal fees to Jason's lawyer.  Worse still, it would create a negative record against Holey Cream with the New York State Department of Labor. We have no desire or agenda to hurt your business, Michael, we just want Jason to be paid for the work he did.   We prefer not to send such letter and to resolve this amicably as we propose.  We hope you agree.

Please let us know if you are in agreement and then we can discuss how payment and other documentation can be handled.

I remind you that we were very close to doing a business together, and the only change that happened was Jason ultimately decided this was not for him. This should not cause parties to walk away from prior agreements, so let's please honor then and move on as friends.

If you would like to talk about this in a call or meet in person would be happy to.

Thanks
Alon

**Alon Harnoy, Esq.**
Managing Partner
SHIBOLETH LLP



1 Penn Plaza, Suite 2527
New York, NY 10119
T (212) 792-0040
F (212) 563-7108
www.shiboleth.com
alonh@shiboleth.com

The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, Kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.