UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jason Strulowitz,

                Plaintiff,

    –v–

Flavor Boutique 796 Inc., et al.,

                Defendants.

18-cv-8382 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendants in this case arising under the Fair Labor Standards Act and the New York Labor Law have moved to vacate the default entered against them on January 8, 2019. For the reasons stated below, their motion is GRANTED.

I.     BACKGROUND

In the Complaint filed on September 14, 2018, Plaintiff Jason Strulowitz alleges that he worked for Defendants Flavor Boutique 796 Inc. and Flavor Boutique 522 Inc. for 127 hours over a period of about two weeks in July 2018 and did not receive any compensation for his work during that time. Compl. (Dkt. No. 1) ¶¶ 29–32. He further alleges that Defendants' failure to pay him minimum wages, overtime wages, and spread-of-hours wages, as well as their failure to provide him with wage notices and statements, violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id.* ¶¶ 47–77. Defendants, however, contest this characterization of the facts. They argue that Strulowitz and others agreed to enter into a partnership with Michael Friedlander, who manages overall operations for Defendant Flavor Boutique 552 and managed overall operations for Defendant Flavor Boutique 796 prior to its closing, to open a food service establishment. Dkt. No. 24 ¶¶ 6, 8, 21. They further argue

that it was in connection with that partnership that Strulowitz, who allegedly had little to no experience in the food service industry, "situated" himself at Defendants in July 2018 in order to observe and understand how food service establishments operate. *Id.* ¶¶ 24–25.  He was thus never employed by Defendants, they claim, but rather was affiliated with them "for the sole purpose of promoting [the] partnership." *Id.* ¶ 24.

Strulowitz filed affidavits of service of the Complaint on Defendants on the public docket on October 19, 2018. *See* Dkt. Nos. 6, 7.  The affidavits provided that service was effectuated on both Defendants on October 17, 2018, and thus their answers were due November 7, 2018.  *See id.*  On January 7, 2019, two months after Defendants' answers were due, Strulowitz filed proposed Clerk's Certificates of Default, Dkt. Nos. 12, 13, and on January 8, 2019, the Clerk of Court issued Certificates of Default as to each Defendant, Dkt. Nos. 15, 16.  Defendants' counsel appeared for the first time on February 15, 2019, Dkt. No. 17, and requested that the Court vacate the entry of default on February 22, 2019, Dkt. No. 19.  The Court subsequently set a motion schedule for the motion to vacate default now before the Court, and that motion is fully briefed.  *See* Dkt. Nos. 23, 29, 32.

## II.    LEGAL STANDARD

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default."  However, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Courts considers three factors in determining whether "good cause" exists: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."  *Bricklayers & Allied Craftworkers Local 2, Albany,*

*N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444, 455 (2d Cir. 2013)).

These factors are construed generously, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), in light of the Second Circuit's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (internal quotation marks omitted)).  A defendant's failure to meet one of these factors will not defeat a motion to vacate default if other factors weigh in favor of setting aside the default.  *See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013) (collecting cases).  Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Enron Oil Corp.*, 10 F.3d at 96.

## III.   DISCUSSION

The Court considers each "good cause" factor in turn below and concludes that, on balance and in light of the "strong preference" in this Circuit for resolving cases on their merits, these factors weigh in favor of vacating the default in this case.[1]

### A.  Willfulness of Default

In the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers*, 779 F.3d at 186 (alteration in original and internal quotation marks omitted).  However, "a finding of bad faith is [not] a necessary predicate to concluding that a

---

[1] To the extent Defendants also seek relief under Rules 11 and 12 of the Federal Rules of Civil Procedure, *see* Dkt. No. 23 at 2; Dkt. No. 32 at 3, they have not properly moved for sanctions or to dismiss the complaint.  Accordingly, the Court does not now consider those additional requests.

defendant acted 'willfully.'" *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998). Instead, to find that a default was willful "it is sufficient to conclude that the defendant defaulted deliberately." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187 (internal quotation marks omitted). Thus, if a defendant "does not deny that he received the complaint, the court's orders, . . . or that he never answered the complaint," and "does not contend that his non-compliance was due to circumstances beyond his control," a court can infer willfulness. *Guggenheim Capital*, 722 F.3d at 455; *see also S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) ("[D]efaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, or failed, for flimsy reasons, to comply with scheduling orders[.]") (internal citations omitted)).

Here, Defendants provide a satisfactory explanation for why they failed to timely respond to the Complaint. *Cf. Rolex Watch U.S.A., Inc. v. City Styles 313, LLC*, No. 12-cv-4754 (AJN), 2012 WL 5992102, at *2 (S.D.N.Y. Nov. 29, 2012) (finding willfulness because defendant failed to provide any explanation for his untimely submission). Setting to one side whether Defendants in this action were properly served, which the parties dispute, Michael Friedlander asserts in his affidavit that Defendants' delay is attributable to the fact that he never received a copy of the Complaint in this action. Dkt. No. 24 ¶¶ 9–14; *see also* Dkt. No. 23 at 7. Indeed, he claims that the individuals identified in the affidavits of service as having accepted service were not even employees of either Defendant. *See* Dkt. No. 24 ¶¶ 9–13. Though the evidence indicates that Friedlander may have nonetheless been aware of the filing of this action by October 19, 2018, *see* Dkt. No. 30-1 at 2, he asserts that he thought Defendants "would be served with the Complaint in due course," at which point he planned to "engage counsel on behalf of . . . both companies," Dkt. No. 24 ¶ 16. While it may have been negligent or careless of Defendants to sit

4

by and await service of the Complaint having been made aware of the fact that an action was filed against them, the Court cannot conclude—in light of Defendants' explanation and resolving doubts in their favor—that Defendants' actions rise to the level of willfulness. Accordingly, though it is a close call, the Court concludes that this factor weighs in favor of vacating the default.

### B. Meritorious Defenses

Turning to the second factor, whether Defendants have any meritorious defenses, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* "The defaulting defendant 'need only meet a low threshold to satisfy this factor.'" *Gench v. HostGator.com LLC*, No. 14-cv-3592 (RA) (GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014)); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (A defense "need not be ultimately persuasive at this stage" to satisfy this factor). A court will find that a defendant's "allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Sea Hope Navigation*, 978 F. Supp. 2d at 339 (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)). Nonetheless, a defendant must do more than offer "conclusory assertions" in an affidavit or simply "dispute the amount of damages." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187.

Here, Defendants have met the low threshold necessary to satisfy this factor. Indeed, they have presented some evidence, in the form of the Michael Friedlander affidavit and

correspondence attached to it, *see* Dkt. Nos. 24, 24-5, that Strulowitz may not have been Defendants' employee during the relevant time period but rather was performing work in order to promote an unrelated partnership with Friedlander. Were Defendants to prove at trial that Strulowitz was *not* Defendants' employee for purposes of the FLSA and NYLL, such proof would constitute a complete defense to Strulowitz's claims, which are brought under statutes that protect only covered employees. *See, e.g.*, *Xiao Dong Fu v. Red Rose Nail Salon Inc.*, No. 15-cv-7465 (KPF), 2018 WL 1472508, at *4 (S.D.N.Y. Mar. 26, 2018) ("The NYLL and FLSA entitle *covered employees* to wages for work performed." (emphasis added)). Because Defendants may have a complete, meritorious defense to Strulowitz's claims, the Court does not consider the other defenses Defendants offer at this juncture. Accordingly, the Court concludes that this factor also weighs in favor of vacating the default.

### C. Prejudice

As to the final factor, prejudice, the Second Circuit has made clear that "delay standing alone does not establish prejudice" in the context of a request to set aside an entry of default. *Enron Oi Corp.*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted).

Strulowitz does not argue that he would be prejudiced in any way by the Court setting aside the entry of default, and indeed the Court sees no basis upon which he could be. Though "some delay will result if [D]efendants' motion is granted," such delay is insufficient, without more, to establish prejudice. *See Davis*, 713 F.2d at 916. Thus, the Court concludes that the final factor, too, weighs in favor of vacating the default.

### D. Balance of the Factors

All three factors weigh in favor of vacating the default: the default was not willful, Defendants have a potentially meritorious defense, and Strulowitz will not suffer any prejudice if the entry of default is set aside.  While the second and third factors clearly weight in favor of setting aside the entry of default, the Court recognizes that Defendants' actions in sitting idly by even after learning that this action had been filed against them came close to rendering the default willful.  Though the Court ultimately concluded above that Defendants' default was *not* willful, a contrary conclusion would not alter the balance of the factors, which would still weigh in favor of vacating the default.  *See Sea Hope Navigation*, 978 F. Supp. 2d at 341 (collecting cases in which vacatur was warranted in spite of willfulness of default).  To be sure, even were the Court to conclude that the default *was* willful, it would resolve any doubt as to whether the default should be vacated in Defendants' favor and vacate the default nonetheless.  *Enron Oil Corp.*, 10 F.3d at 96 ("[Wh]en doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.").

### E. Strulowitz's Request for Attorneys' Fees and Costs

In his memorandum of law in opposition to Defendants' motion to vacate default, Strulowitz requests attorneys' fees and costs should the Court find in Defendants' favor.  *See* Dkt. No. 29 at 13–14.[2]  The Court will not exercise its discretion to award attorneys' fees in this case.  Accordingly, this request is DENIED.

### F. Redaction Request

After submitting his memorandum of law in opposition to Defendants' motion to vacate default, Strulowitz filed a brief letter motion requesting that he be allowed to publicly file

---

[2] The Court cites to Dkt. No. 29 for Strulowitz's memorandum of law in opposition to Defendants' motion to vacate default but notes that Strulowitz subsequently submitted a duplicate of this filing at Dkt. No. 31.

7

Exhibit D to the Levin-Epstein Affidavit filed in support of his opposition (Dkt. No. 30-4) with redactions. *See* Dkt. No. 33. In this letter motion, which Defendants oppose, *see* Dkt. No. 34, he justifies this redaction request as follows: "The basis of the request is that Exhibit 'D' contains certain confidential information and communications, including information obtained or exchanged in connection with settlement negotiations which are protected from disclosure and subject to Federal Rule of Evidence 408," *see* Dkt. No. 33. The Court concludes that the requested redactions are sufficiently narrowly tailored to serve this purpose and hereby GRANTS this request.

### IV.   CONCLUSION

The Court grants Defendants' motion to vacate the default entered against them. Defendants are ordered to respond to Strulowitz's Complaint within 14 days of the date of this Opinion and Order.

The parties are ordered to appear before the Court by videoconference on June 26, 2020 at 3:30 p.m. for an initial pretrial conference. They are directed to submit a joint letter and proposed case management plan to the Court 7 days prior to that conference.

This resolves Dkt. Nos. 22 and 33.

SO ORDERED.

Dated:  May 26, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

8